**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 17-7657**

CHARLES CLARK,

                Petitioner - Appellant,

      v.

JOE COAKLEY, Complex Warden,

                Respondent - Appellee.

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins.  John Preston Bailey, District Judge.  (2:17-cv-00116-JPB)

Submitted:  August 22, 2018                 Decided:  August 29, 2018

Before TRAXLER, AGEE, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Charles Clark, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Clark, a federal prisoner, appeals the district court's order accepting the recommendation of the magistrate judge and dismissing without prejudice his 28 U.S.C. § 2241 (2012) petition for lack of jurisdiction.[*] Clark predicated his § 2241 petition on the Supreme Court's ruling in *Mathis v. United States*, 136 S. Ct. 2243 (2016), and sought to challenge the application of a statutory enhancement on the ground that his prior convictions no longer qualified as proper predicate offenses. In dismissing Clark's § 2241 petition, the district court relied on our decision in *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000), and noted that the test in *Jones* had not been extended to sentencing challenges. We have since held, however, that a prisoner may challenge the legality of his sentence in a § 2241 petition when certain conditions are met. *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018) (articulating test). We have reviewed the record and conclude that Clark fails to satisfy the *Wheeler* test. Accordingly, we grant Clark leave to proceed in forma pauperis and affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] The dismissal of Clark's petition without prejudice is a final, appealable order because Clark could not correct the jurisdictional defect in his § 2241 petition simply by providing additional factual detail. *See Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 624 (4th Cir. 2015).